**SEI of Leone and ATOFAU of Leone, Plaintiffs**

**v.**

**AUMAVAE of Leone, Defendant**

## No. 82-1948

## High Court of American Samoa

### Civil Jurisdiction, Trial Division

[Land: "Puapua" near Leone]

## October 2, 1948

A. A. MORROW, *Chief Justice;* and NUA, *District Judge.*

DECISION

Heard at Fagatogo September 27, 1948.
Sei and Atofau, counsel for themselves; Save, counsel for
 Aumavae.

MORROW, *Chief Justice.*

 Aumavae of Leone offered for registration certain land,
called Puapua, lying immediately south of the main high-
way from Leone to the Naval Station and immediately
west of the road from Taputimu to such main highway, the
offer being accompanied by a survey of the tract. Sei and
Atofau filed objections to such proposed registration, each
claiming to be the owner of the land. Hence this litigation.
See Sec. 905 of the American Samoan Code. Prior to the
hearing the court visited the land in the presence of all
parties.

 Aumavae claims the land as his own individual property
and traces his title to an alleged gift of it to him by the
Lemeanai family of Iliili prior to the establishment of the
government in 1900. Sei claims the land as his individually
owned property. Atofau claims it as the communal family
land of the Atofau title.

397

We shall first consider Sei's claim. Sei is the present occupant of most of the property. Although there was some dispute as to the length of time during which he has occupied and used such part of the property, nevertheless we conclude from the evidence as a whole that such occupancy and use has extended over a period of more than 20 years. Sei admitted on the witness stand that he is a member of the Atofau family, that when he got possession of the land he was a young man in that family and that he took possession under the authority of Atofau Noaese, the then holder of the Atofau title. He rendered service to Atofau Noaese. It is clear to us that he took possession in accordance with Samoan customs and that he has retained possession in accordance with such customs. He introduced no evidence from which we may properly conclude that he is the owner of the property. It is our conclusion however, that he was a young man to whom the matai of the family assigned some family lands in accordance with Samoan customs.

█ The origin of the Atofau title to the land is quite clear. We believe that 70 year old Lopa, when a young man, and other members of the Atofau family took possession of it before the establishment of the Government, cut down some of the large trees growing upon it when it was bush and then put in plantations. We believe from the evidence that the Atofau title acquired ownership of the land through such occupancy and use. See II Blackstone, p. 8. Of course the raising of the American flag on the Island of Tutuila in 1900 did not affect this private land title. *United States v. Percheman*, 7 Peters 51, 86–87; *Toilolo v. Ilaoa*, No. 5-1937 (Amer. Samoa); *Talo v. Poi*, No. 16-1937 (Amer. Samoa). It is our conclusion from all the evidence that the title to this property has been in the Atofau ever since such original occupancy.

█ Aumavae explains the present occupancy of the land by Sei and Leasina, widow of Polevia, a member of

the Atofau family, by testifying that in 1933 he himself gave permission to Atofau Noaese, since deceased, to occupy the land. However, his own witness, Samana, testified that to his knowledge this land had been in the possession of the Atofau family since about 1919; at least since a very short time after the end of World War I, and we believe if the Atofau people did not occupy and use this land prior to that time, that their possession and use began at least as early as the time specified by Aumavae's witness. If it be conceded that the land was given to Aumavae by the Lemeanai family as is claimed by him nevertheless the Atofau title is now the owner of the land through the operation of the Statute of Limitations, its possession having been actual, open, exclusive, continuous and under a claim of title for more than the statutory period. See *Puailoa v. Leapaga*, No. 64-1948 (Amer. Samoa); *Vaimaona v. Mulitauaopele S.*, No. 57-1948 (Amer. Samoa); *Maxwell Land Grant Co. v. Dawson*, 151 U.S. 586, 607; 2 Corpus Juris 251.

In the States, Aumavae's testimony to the effect that he gave permission to Atofau Noaese in 1933 to use the land involved would not have been admissible because of statutes rendering incompetent as a witness a party to a transaction with a deceased person. II Wigmore on Evidence (3rd Ed.) Sec. 578. The purpose of such statutes is to put the parties upon an equal footing and to prevent the survivor from taking an undue advantage. It is said that "if death closes the lips of one party, the policy of the law is to close the lips of the other." *Louis v. Easton*, 50 Ala. 471. However we do not have such a statute in American Samoa and a party is no longer disqualified as a witness because of interest. Consequently we admitted the evidence. But as heretofore stated, we are certain under the law and the evidence that if Aumavae ever did have any claim to this land it has long since been outlawed by the

Statute of Limitations. We have very grave doubt, however, that he did, since we believe that at the time of this alleged gift prior to the establishment of the government such land was bush and had never been occupied or used by anyone. Whether the Lemeanai family could have any title to it in such a state of affairs is certainly subject to grave doubt. It could not have been any more than the most nebulous title, but we have decided this case upon other grounds and it is not necessary to pursue this question any further. Aumavae testified that at the time the alleged gift was made he was 16 to 18 years old and that it was made some 18 years before the establishment of the government in 1900. If this testimony be true, Aumavae would be at least 82 years old now. He testified that he was 67. It is a significant fact that when the War Claims Commission investigated properties at Leone to determine war damage, Aumavae did not show the land in dispute to the Commission although he showed it other lands admittedly his.

It is ORDERED, ADJUDGED AND DECREED that the land Puapua as shown in the survey accompanying the foregoing offer to register the same be registered as the communal family land of the Atofau title of Leone. The Registrar of Titles will be so advised.

Inasmuch as the expense of the survey was borne by Aumavae and will inure to the benefit of the Atofau title no costs will be assessed against Aumavae. Under Samoan customs Sei has a moral right to continue in possession of the land under authority derived from Atofau. Costs in the sum of $10.00 are hereby assessed against Sei and $15.00 against Atofau Kelemete, the same to be paid within thirty days.